# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1922 | **DATE** | August 14, 2001 |
| **CASE TITLE** | *Charles Fletcher vs. United Parcel Service, et al.* | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  Enter Memorandum Opinion and Order. The court grants defendants United Parcel Service and Local Union 705's joint motion to dismiss [16-1]. Plaintiff's case is dismissed with prejudice.

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 5 2001 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | 15 | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| CW | courtroom deputy's initials | DOCKETING 01 AUG 14 PM 3:11 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 1 · 2001

| | | |
|---|---|---|
| CHARLES FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 01 C 1922** |
| | ) | |
| UNITED PARCEL SERVICE, | ) | **Judge James H. Alesia** |
| LOCAL UNION 705, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the court is defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's amended complaint. For the following reasons, the court grants defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff Charles Fletcher ("Fletcher"), proceeding pro se, brings this action for civil rights violation and "deprivation of rights under Title 42 USC 6901-6971, 1983, 1985, Title 28 USC 1331, 1361, 2201, 2202 FRCP [sic]." (Pl.'s Compl., p. 1.) Defendants United Parcel Service ("UPS") and Local Union 705 ("Local 705") (collectively "defendants") move to dismiss Fletcher's complaint for failure to state a claim upon which relief can be granted. Fletcher alleges the following facts which, for purposes of ruling on this motion to dismiss, are taken as true.

In January 2001, Fletcher was hired by UPS as a package handler, and he became a member of Local 705. Fletcher's position was on the 4:00 a.m.- 8:30 a.m. shift. On March 13,

19

2001, Fletcher was injured when putting a bag on the top wall; he pulled or strained a muscle in his lower back. Fletcher then asked to go to the hospital because he was having constant spasms. A safety supervisor, Angeline Tucker ("Tucker"), began to fill out the necessary paperwork so that Fletcher could see the company doctor. Although Fletcher alleges there were some problems filling out the paperwork, he does allege that he received a referral slip and went to Concentra Medical Center where he was diagnosed with lumbar strain. Fletcher was told to return to the doctor's office the next day at 7:15 a.m.

Fletcher gave a copy of his doctor's note to his supervisor, Charles Seaverson ("Seaverson"), and told Seaverson that he needed to leave work at 6:30 a.m. for his doctor's appointment. At 6:30 a.m., Seaverson gave Fletcher his time card, and Fletcher punched out. However, on his way out, Fletcher was called back and told that Dock Supervisor Dave Carol ("Carol") wanted to speak to him. Carol told Fletcher that he could not leave to go to the doctor's until the sort was completed. The two discussed this for some time, and Fletcher claims that Carol spit in his face twice during this discussion.

When Carol refused to let Fletcher leave for his doctor's appointment until after the sort was completed, Fletcher insisted that he was leaving. At that point, Carol requested Fletcher's identification badge and work gear. Carol stated that, in turning in his badge and gear, Fletcher was indicating that he was resigning. However, Fletcher claims that he never stated that he was resigning. Thus, Fletcher claims that Carol "terminated the Plaintiff by requesting the ID Badge." (*Id.*, p. 3) After turning in his badge, Fletcher wrote a letter, which contained his grievances, and sent that letter to various departments at UPS and to his union representative at Local 705.

2

In his complaint, Fletcher claims that Carol "denied the Plaintiff his Constitutional Right to be seen by a physician after he had been injured on the job." (*Id.*, p. 2.) Specifically, Fletcher alleges that Carol "violated Federal Statute (OSHA) the Occupational Safety and Health Administration Title 42 USC 6971 (a)&(b), (in-part) 'No person shall fire or discriminate or under any applicable implementation plan.'" (*Id.*) Fletcher further alleges *inter alia* that the defendants failed to conduct safety meetings; failed to discuss the strenuous work performed by the employees; failed to notify Fletcher of union meetings; and failed to instruct Fletcher on how to file a grievance. In his prayer for relief, Fletcher asks this court to enter an injunction "compelling defendants to comply with OSHA standards and all rules and regulations that allow Plaintiff and employees to be seen by a physician at the time appointed ...." (*Id.*, p. 5.) Further, Fletcher seeks back pay and a share of any commission or bonus received by defendants as a result of the work done by Fletcher, as well as compensatory and punitive damages.

In their motion to dismiss, defendants claim that the statutory section cited by Fletcher is not a provision of OSHA, but it is a quote from the Solid Waste Disposal Act which is inapplicable to the present case. Further, defendants argue that any claim brought by Fletcher under OSHA must be dismissed because OSHA does not provide for a private cause of action. Finally, defendant's claim that Fletcher's § 1983 claim must be dismissed because none of the defendants or their agents were acting under color of state law.

## II. DISCUSSION

### A.   Standard for deciding a Rule 12(b)(6) motion to dismiss

Under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *Gomez v.*

*Illinois Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court may dismiss a complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-45 (1957). Where, as here, a pro se plaintiff's complaint is challenged, the complaint must be liberally construed. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).

### B.    OSHA claim

Fletcher's complaint claims that, in refusing to allow Fletcher to leave for his doctor's appointment, UPS violated OSHA. Further, Fletcher claims that he reported these violations to defendants. Although it is not clear from the complaint, the court will infer that Fletcher is claiming to have been terminated because he attempted to exercise his rights under OSHA and because he complained when he was denied those rights.

First, in their motion to dismiss, defendants correctly point out that the statutory section cited by Fletcher as being a provision of OSHA is actually a provision of the Solid Waste Disposable Act. Fletcher cites 42 U.S.C. §§ 6971(a)-(b) in support of his claim. That provision is, in fact, a portion of the Solid Waste Disposable Act and, therefore, is inapplicable to the present case. Thus, to the extent that Fletcher seeks relief under 42 U.S.C. § 6971, that claim is dismissed.

Second, in their motion to dismiss, defendants offer that Fletcher may have been attempting to rely on the following provision of OSHA: "No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter ...." 29

4

U.S.C. § 660(c)(1). In construing Fletcher's pro se complaint liberally, the court will assume that Fletcher intended to bring a claim for discrimination and/or retaliation under OSHA, alleging that he was terminated because (1) he attempted to go to his doctor's appointment after being injured at work and (2) he was terminated when he complained about not being allowed to leave work to go to his doctor's appointment. However, defendants contend that any claim brought by Fletcher under OSHA must be dismissed because the statute does not recognize a private cause of action. The court agrees with defendants.

Section 11(c) of OSHA provides that "[n]o person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted any proceeding under or related to this chapter ...." 29 U.S.C. § 660(c)(1). However, OSHA sets forth the procedures an aggrieved employee must take: it clearly states that any employee who believes that he was discriminated against should file a complaint with the Secretary of Labor within thirty days after the alleged violation. *Id.* §§ 660(c)(2)-(3). Fletcher has not alleged that he filed any complaint with the Secretary of Labor within thirty days of March 14, 2001. Further, only the Secretary of Labor may enforce rights under § 660(c)(1) – "there is no private right of action [under this section]." *Dunlap v. Chicago Osteopathic Hosp.*, No. 86 C 2787, 1987 WL 17480, at *3 (N.D. Ill. Sept. 18, 1987). *See also Glover v. Amoco Oil Corp.*, No 96 C 3018, 1999 WL 1101947, at *3 (N.D. Ill. Nov. 30, 1999) (holding that OSHA does not contain a statutory provision permitting a private cause of action); *Powell v. Globe Indus., Inc.*, 431 F. Supp. 1096, 1100 (N.D. Ohio 1977) (holding that a plaintiff could not bring a claim solely on the ground that his discharge violated § 600(c)(1) because OSHA "authorizes only the Secretary

5

[of Labor] to bring an action for violation of the Act."). Thus, Fletcher cannot bring a private claim against the defendants for violating a provision of OSHA. Accordingly, to the extent that Fletcher seeks relief under 29 U.S.C. § 660(c)(1), that claim is dismissed.

## C.    Sections 1983 and 1985 claims

In the introductory sentence to his complaint, Fletcher invokes §§ 1983 and 1985, 42 U.S.C. §§ 1983, 1985. Defendants contend that any claim based upon § 1983 must be dismissed because at no time were any of the defendants or their agents proceeding under color of state law.

Section 1983 clearly states that no person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" shall deprive another of "any rights, privileges, or immunities secured by the Constitution and laws ...." 42 U.S.C. § 1983. Thus, to be liable under § 1983, a person must be acting under color of state law. *See id.*; *see also West v. Atkins*, 487 U.S. 42 (1988) (holding that a plaintiff must show that any alleged violation of rights was committed by a person acting under color of state law even if brought against a private party). Here, the statute is clearly inapplicable as none of the defendants or their agents are state actors nor is there any allegation that the state delegated any authority to the defendants or their agents. *See West*, 487 U.S. at 54. The court also notes that it is unaware of any constitutional or legal right to be allowed to leave work in order to keep a pre-scheduled doctor's appointment. Accordingly, any claim brought under § 1983 is dismissed.

Further, under § 1985, the only section remotely applicable to the present case prohibits two or more persons from conspiring on the highway or on the premises of another in order to

6

deprive another person of his equal protection under the law. 42 U.S.C. § 1985(3). However, an essential element of a § 1985 action is the presence of a conspiracy. *Hartman v. Bd. of Trustees of Community College Dist.*, 4 F.3d 465, 469 (7th Cir. 1993); *see also Quinones v. Szorc*, 771 F.2d 289 (7th Cir. 1985) (holding that a plaintiff must allege that the defendants conspired to deprive plaintiff equal protection or immunity under the law, an act in furtherance of the conspiracy, and an injury to his person).

Even construing Fletcher's complaint in the most liberal manner, the court finds that he has failed to properly allege a § 1985 action. First, § 1985 was intended to protect persons against the deprivation of rights based upon his or her race; there is nothing in Fletcher's complaint that suggests any alleged actions were taken against him because of his race. In fact, the basis for his suit arises out of an injury sustained on the job. Second, there is no allegation of a conspiracy, and the facts alleged in the complaint do not support any such allegation. Further, although Fletcher claims that he was deprived of his right to see a doctor, the court is aware of no right under the laws or Constitution that give a person the right to leave work for a doctor's appointment.[1] Thus, the court finds that Fletcher cannot state a claim under § 1985. Accordingly, any claim brought under § 1985 is dismissed.

Finally, although Fletcher does not raise this claim in his complaint, because he is pro se the court will also determine whether he could bring a claim for civil rights violation under §

---

[1] The court further notes that Fletcher does not even allege that other employees of a different race or ethnicity were allowed to leave for a doctor's appointment, which could support an inference that the actions taken were based upon race. Although this does not change the fact that the court is aware of no right guaranteed to *any* employee, regardless of race, to leave at will for a doctor's appointment.

1981, 42 U.S.C. § 1981. Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State ... to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Thus, § 1981 prohibits intentional discrimination on the basis of race or ethnicity concerning the making, modifying, terminating or enforcing contracts. *See Sanghvi v. St. Catherine's Hosp.*, No. 00-3613, 2001 WL 747599, at *3 (7th Cir. July 31, 2001). An essential element of a § 1981 claim is that the defendant's action be motivated by racially discriminatory animus. *Freeman v. Chicago Park Dist.*, 189 F.3d 613, 618 (7th Cir. 1999). Section 1981 does not give rise to discrimination claims based upon anything other than race or ethnicity; it does not encompass discrimination based upon age or disability. *See Anooya v. Hilton Hotels, Corp.*, 733 F.2d 48, 50 (7th Cir. 1984) (noting *in dicta* that § 1981 does not encompass age discrimination claims); *Tafoya v. Bobroff*, 865 F. Supp. 742, 752 (D.N.M. 1994) (holding that § 1981 does not apply to discrimination on the basis of disability). Further, § 1981 protects "against impairment by nongovernmental discrimination and impairment under color of State law." 28 U.S.C. § 1981(c). Such actions, therefore, may be brought against a private individual or company. *See id.*

In this case, the court finds that nothing in Fletcher's complaint could give rise to a § 1981 claim. There is no allegation of fact or law that supports the determination that any action allegedly taken against Fletcher was racially motivated. In fact, it is clear from his complaint that Fletcher's claims arise from an injury sustained by Fletcher at work.[2] Further, there is no

---

[2]In his response brief, Fletcher bases his § 1983 claim on the fact that Carol – a white male – refused to allow Fletcher – an African-American male – to see a doctor. However, there is nothing in his complaint that states that such an action was based upon Fletcher's race.

allegation that the refusal to allow Fletcher to see a doctor at the appointed time interfered with any contract. Although an argument could be made that terminating his employment interfered with Fletcher's ability to perform is duties at work, there is no allegation that the work arrangement between UPS and Fletcher was a contractual one. Thus, Fletcher is unable to state a claim under § 1981.

In sum, the court finds that none of the statutory provisions cited by Fletcher in his complaint give rise to a viable cause of action. Based upon the facts alleged in the complaint, it is clear to the court that Fletcher cannot state a claim that would entitle him to relief from this court. Accordingly, the court grants defendants' motion to dismiss Fletcher's amended complaint.

## III. CONCLUSION

For the foregoing reasons, the court grants defendants' motion to dismiss plaintiff's amended complaint. This case is dismissed with prejudice.

Date: **AUG 14 2001**

James H. Alesia
United States District Judge

9